Filed 3/21/24  P. v. Harvey CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098725 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE020334) |
| v. | |
| LAMAR ROBERT HARVEY, | |
| Defendant and Appellant. | |

Defendant Lamar Robert Harvey appeals following his resentencing to 25 years in state prison for four robbery convictions, each with an attached firearm enhancement under Penal Code[1] section 12022.53, subdivision (b).  At the resentencing, the trial court declined to strike or lessen any of the enhancements or reduce a previously imposed $10,000 restitution fine.

---

[1] Further undesignated statutory references are to the Penal Code.

1

Defendant challenges the trial court's exercise of discretion at the resentencing. He argues that under section 1385 as amended by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (Senate Bill No. 81), the court erroneously declined to dismiss one or more of the firearm enhancements because at least three mitigating factors under the newly enacted legislation were present and the court never explicitly found that dismissal would pose a danger to public safety. He also contends the court abused its discretion by not imposing lesser firearm enhancements pursuant to *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*). Finally, he asserts his inability to pay and reduced culpability warranted reducing the $10,000 restitution fine amount. We affirm.

## BACKGROUND

In 2016, defendant robbed a restaurant while four employees were present. (*People v. Harvey* (Sept. 20, 2022, C093328) [nonpub. opn.].) He ordered three employees at gunpoint to move to a back office where the manager was located and threatened to kill the manager if she did not open the safe. (*Ibid.*) When the manager was unable to open the safe, defendant took money from a nearby cash box, ordered the employees to remain in the office, and fled the scene. (*Ibid.*)

A jury found defendant guilty of four counts of robbery (§ 211, counts one through four), one for each employee present, and three counts of kidnapping for robbery (§ 209, subd. (b), counts five through seven), one for each employee ordered at gunpoint to the back office. The jury found that defendant personally used a firearm during the commission of each offense. (§ 12022.53, subd. (b).)

The trial court sentenced defendant to an aggregate determinate term of 43 years in prison, plus an indeterminate term of seven years to life; it declined to strike any of the firearm enhancements, although it stayed the sentences on counts two through four under section 654. According to the sentencing minutes, while the court acknowledged its discretion to strike or dismiss the firearm enhancements or their punishment, after considering defendant's ability to establish and maintain supportive relationships, his

2

work history and prospects, his age and other individual factors, the nature and circumstances of defendant's current crimes, his criminal history, the severity of the penalty and proportionality if discretion were exercised, and defendant's dangerousness to society, the court found "it would not be in the furtherance of justice to strike or dismiss the firearm enhancement itself, or to strike or dismiss the punishment thereon, in any of the counts in this particular case." Striking the enhancements or their punishment, in the court's view, "would distort an accurate reflection of the defendant's criminal conduct and culpability; the defendant engaged in violence and poses a danger to society."

Defendant appealed, and a panel of this court found insufficient evidence to support the jury's guilty verdicts for the aggravated kidnapping offenses because defendant's movement of the three employees to the back office was incidental to the robbery. (*People v. Harvey, supra*, C093328.) We reversed the kidnapping convictions, vacated the sentence, and remanded for resentencing; in all other respects, we affirmed the judgment. (*Ibid.*)

Defendant was resentenced in May 2023. At the hearing, the trial court declined defendant's request to dismiss one or more of the firearm enhancements or to impose lesser enhancements under section 12022.5 and resentenced defendant to the low term of two years on count one, plus 10 years for the attached section 12022.53, subdivision (b) firearm enhancement. The court chose not to stay the sentences on counts two through four under section 654, as each count involved a separate victim, and imposed consecutive terms of one year each (one-third the midterm) for each of those counts, plus consecutive one-third the midterm of three years four months on each attached firearm enhancement for an aggregate determinate term of 25 years in state prison. Defendant timely appealed.

# DISCUSSION

## I

### *Firearm Enhancements*

Defendant contends the trial court erred in failing to strike one or more of the section 12022.53, subdivision (b) firearm enhancements under amended section 1385, or impose a lesser, uncharged enhancement under section 12022.5, subdivision (a) under the principles set forth in *Tirado*.  He argues that there was evidence of several mitigating factors under section 1385 as amended by Senate Bill No. 81 to support striking all or some of the firearm enhancements, including that defendant had a traumatic childhood, that multiple firearm enhancements were alleged in a single case, and application of all the firearm enhancements resulted in a sentence longer than 20 years.  He asserts the court did not expressly find that striking the enhancements would endanger public safety, nor could such a finding be made on the present record.

A.  *Additional Background*

Prior to resentencing, defendant advocated for a total sentence of 12 years in state prison; two years on count one, plus a consecutive 10 years for the attached firearm enhancement with punishment on all remaining counts and enhancements stayed under section 654.  He argued that the mitigating circumstances outweighed any aggravating factors under amended section 1170 (Senate Bill No. 567 (2021-2022 Reg. Sess.)) and the applicable rules of court, citing his age when he committed the offenses (25 years old) and pointing to trauma and abuse he suffered as a child.

Defendant's brief detailed his minimal criminal record, which included misdemeanor convictions for vandalism (§ 594) and possession of a firearm (§ 25400), as well as his social and educational history, which included domestic violence, physical abuse, the separation of his parents, the death of a close uncle to gang violence, and his attendance at multiple schools throughout his childhood.  He attached, among other things, statements from his mother and his twin brother, and publications discussing the

4

relationship between adverse childhood experiences and criminal conduct in young adults. The People's brief urged the court to select the midterm and run each robbery conviction and attached firearm enhancement consecutively for a total aggregate sentence of 26 years in state prison. They argued defendant failed to show that his youth was a contributing factor to the offenses and asserted the aggravating factors outweighed any factors in mitigation.

In reply, defendant reiterated that his traumatic childhood, his minimal criminal record, his satisfactory performance on supervision, his youth, and the multiple alleged firearm enhancements all weighed in favor of imposing the low term and striking one or more of the enhancements, or at least imposing a lesser enhancement than the one alleged. He also submitted a declaration explaining that he had received no disciplinary write-ups while incarcerated, that he had completed six certificate programs for parenting, custodial technician, automotive technician, cooking assistant, landscaping, and baking assistant, and that he had completed classes on anger and denial management, and criminal gangs anonymous.

Prior to the resentencing hearing in May 2023, the trial court considered the parties' written submissions. At the hearing, the court indicated a tentative sentence of 25 years, including consecutive sentences on the firearm enhancements, and invited argument.

Defense counsel urged the court to impose the lesser enhancements under section 12022.5, subdivision (a) given defendant's childhood trauma, background, character, and prospects, insignificant criminal record and the recency and frequency of his crimes, youthfulness at the time of the crimes, and given the multiple enhancements alleged. Defendant addressed the court, expressing remorse for the crimes and detailing his activities to better himself while in prison. He also described wanting the opportunity to get out of prison to be a positive role model for his five children. Defendant's mother

spoke, describing defendant's abusive childhood and his remorse, and requesting leniency.

After argument, the trial court recessed to consider the matter further. Upon reconvening, the court noted the "vast amount of discretion" it had in selecting a sentence was "not lost on the [c]ourt, nor is it taken lightly." The court explained it was mindful of the general sentencing objectives in rule 4.410 of the California Rules of Court,[2] and had carefully considered rules 4.401, 4.420, 4.421, 4.423,[3] 4.424, 4.425, and 4.428 regarding both the offenses and the offender. It had also considered amended section 1170 as well as the changes to sections 654 and 1385, "particularly regarding the firearm enhancements . . . ."

While the trial court imposed a presumptive low term on the principal count under section 1170, finding the presumption had not been overcome by "allowable aggravating factors under today's law," it declined to strike any of the four section 12022.53, subdivision (b) firearm enhancements or to impose a lesser enhancement under section 12022.5, subdivision (a). In so ruling, the court acknowledged that it was "aware of its discretion to strike, not only the punishment on each of the firearm enhancements, but also to strike or dismiss each enhancement itself," and that such discretion applied to striking a single enhancement or a combination of the enhancements.

The court also emphasized that it was familiar with the Supreme Court's decision in *Tirado*, and was mindful of and had considered defendant's request to impose a lesser enhancement under section 12022.5, subdivision (a) under *Tirado*. While the court had "considered and given great weight to the fact that this case involves the same gun enhancement on each charge for an event that lasted a matter of minutes," it added that

---

[2] Further rule references are to the California Rules of Court.

[3] We presume the trial court meant to refer to rule 4.423, regarding mitigating circumstances, and mistakenly referenced rule 4.422, which does not exist.

6

defendant brought a semiautomatic pistol into the restaurant and "used it actively and aggressively on each one of the victims."

The trial court noted that defendant held the firearm in his hand and pointed it at the upper body area of one victim as he ordered him to open the cash register; he then pointed the firearm at a second victim and ordered him to take defendant to where the safe was located. On his way to the safe, defendant again pointed the gun at the first victim and as well as at a third victim and ordered all three men to the back office at gunpoint. Once in the back office, defendant pointed the gun at the chest area of the fourth victim, ordering her to open the safe. As she unsuccessfully tried to open the safe, defendant threatened to "blow her brains out, or words to that effect, as he pushed the gun against the back of her neck as she shook in visible fear."

The trial court explained that "[m]uch of what [it] had just said [wa]s the same thing it said at the time of the original sentencing" because "[t]he [c]ourt's position in these respects ha[d] not changed, not based on the circumstances that existed then and not based on the totality of the circumstances that exist now." Although the court had expressly considered defendant's difficult childhood and background, his family and relationships, his future prospects and employment history, his minimal prior criminal record, his age at the time of the crimes, and that he had shown remorse, on balance, the court found that striking any of the firearm enhancements or imposing a lesser enhancement would "inappropriately distort an accurate reflection of [defendant's] criminal conduct and culpability." Thus, based on the totality of the circumstances, including "engag[ing] in senseless violence [by] distinctly using a gun upon four different people," the court declined to exercise its discretion to strike the enhancements.

B. *Senate Bill No. 81 and the Standard of Review*

Senate Bill No. 81 amended section 1385 "to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's

7

sentence in the interest of justice."[4]  (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) The new law applies to criminal defendants, like defendant, who were sentenced after January 1, 2022.  (§ 1385, subd. (c)(7).)  The statute as amended now states that the presence of one or more of nine enumerated "mitigating circumstances" "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  (§ 1385, subd. (c)(2).)  As pertinent here, subdivision (c) provides:

"(1)  Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

"(2)  In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.

"[¶] . . . [¶]

"(B)  Multiple enhancements are alleged in a single case.  In this instance, all enhancements beyond a single enhancement shall be dismissed.

"(C)  The application of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement shall be dismissed.  [And]

---

[4]  Assembly Bill No. 200 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 58, § 15), effective June 30, 2022, made technical, nonsubstantive changes to section 1385 that do not affect the issues on appeal.  Assembly Bill No. 1754 (2023-2024 Reg. Sess.) (Stats. 2023, ch. 131, § 160), which took effect on January 1, 2024, also made changes to section 1385 that do not affect this appeal.

8

"[¶] . . . [¶]

"(E) The current offense is connected to prior victimization or childhood trauma." (§ 1385, subd. (c).)

For purposes of section 1385, " '[c]hildhood trauma' means that as a minor the person experienced physical, emotional, or sexual abuse, physical or emotional neglect. A court may conclude that a defendant's childhood trauma was connected to the offense if, after reviewing any relevant and credible evidence . . . the court concludes that the defendant's childhood trauma substantially contributed to the defendant's involvement in the commission of the offense." (§ 1385, subd. (c)(6)(A).) " 'Prior victimization' means the person was a victim of intimate partner violence, sexual abuse, or human trafficking, or the person has experienced psychological or physical trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. A court may conclude that a defendant's prior victimization was connected to the offense if, after viewing any relevant and credible evidence . . . the court concludes that the defendant's prior victimization substantially contributed to the defendant's involvement in the commission of the offense." (*Id.*, subd. (c)(6)(B).)

We review a trial court's order denying a motion to dismiss a sentence enhancement under section 1385 for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373-374.) The party attacking the sentence bears the burden of clearly showing that the sentencing decision was irrational or arbitrary. (*Id.* at p. 376.) Absent such a showing, " ' "the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Id.* at pp. 376-377.)

"Because 'all discretionary authority is contextual' [citation], we cannot determine whether a trial court has acted irrationally or arbitrarily in refusing to strike a [sentencing] allegation without considering the legal principles and policies that should have guided the court's actions." (*People v. Carmony, supra*, 33 Cal.4th at p. 377.) Thus, whether the

9

trial court in this case abused its discretion depends on the scope of that discretion under amended section 1385. We review this question of statutory interpretation de novo. (*Tirado, supra*, 12 Cal.5th at p. 694; *Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.)

    C. *Analysis*

Defendant contends the trial court's failure to strike or dismiss some or all of the firearm enhancements was error. He argues that several mitigating circumstances weighed greatly in favor of dismissing one or more of the firearm enhancements, including that multiple enhancements were alleged in the case (§ 1385, subd. (c)(2)(B)), applying the enhancements resulted in a sentence of over 20 years (*id.*, subd. (c)(2)(C)), and the current offenses were connected to defendant's childhood trauma and victimization (*id.*, subd. (c)(2)(E)).[5] The failure to dismiss the enhancements given undisputed evidence of these mitigating circumstances, he asserts, constituted an abuse of discretion, and violated his federal constitutional right to due process. We are not persuaded.

At the outset, we reject defendant's argument that the plain language of amended section 1385, subdivision (c)(2)(B) and (c)(2)(C) "now mandate[] dismissal of enhancements where multiple enhancements are alleged in a single case, and application of an enhancement could result in a sentence of over 20 years." Defendant bases this argument on the language in subdivision (c)(2)(B) and (c)(2)(C) that such enhancements

---

[5] To the extent defendant suggests in passing that a fourth mitigating circumstance was also present--that the offense was connected to mental illness (§ 1385, subd. (c)(2)(D))-- he does not include a separate heading developing the argument or citations to the record, reasoned analysis or supporting legal authority. (Rule 8.204(a)(1)(B)-(C).) We therefore do not address this contention further. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 [To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error]; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 [appellate court may disregard unsupported arguments].)

"shall be dismissed" if the mitigating circumstances are present. We disagree with defendant's reading of the statute.

Reviewing courts have repeatedly held, and we agree, that trial courts retain discretion to strike enhancements, even in the context of the language in section 1385, subdivision (c)(2)(B) and (c)(2)(C) stating that enhancements "shall be dismissed" when those mitigating factors are present. (See, e.g., *People v. Mendoza* (2023) 88 Cal.App.5th 287, 297 [language of subdivision (c)(2)(C) does not mandate enhancement dismissal]; *People v. Anderson* (2023) 88 Cal.App.5th 233, 241, review granted Apr. 19, 2023, S278786 [trial court retains discretion to dismiss despite "shall be dismissed" language in subdivision (c)(2)(B) and (c)(2)(C)]; *People v. Ortiz* (2023) 87 Cal.App.5th 1087, review granted Apr. 12, 2023, S278894; *People v. Lipscomb* (2022) 87 Cal.App.5th 9; *People v. Walker* (2022) 86 Cal.App.5th 386, as modified Jan. 5, 2023, review granted on limited issue Mar. 22, 2023, S278309 (*Walker*).) Contrary to defendant's interpretation, nothing in subdivision (c) of section 1385 mandates a trial court dismiss an enhancement *solely* because there exists a mitigating factor enumerated in subdivision (c)(2) of the statute.

Defendant next argues that the plain language of section 1385 obligates a court to dismiss an enhancement if an enumerated mitigating factor is present unless dismissal would endanger public safety. There is a conflict in the case law, currently pending before our Supreme Court, as to the extent of the trial court's discretion to decline to dismiss an enhancement despite proof of a mitigating factor under section 1385, subdivision (c)(2). Defendant cites *Walker*, *supra*, 86 Cal.App.5th at pages 396 to 398, review granted, to argue that the existence of a mitigating circumstance in subdivision (c)(2) results in a rebuttable presumption favoring dismissal, which can be overcome by a finding that dismissal would endanger public safety.

The *Ortiz* court disagreed with *Walker*'s reading of section 1385 and concluded that while the mitigating circumstances are afforded "great weight" under subdivision (c)(2), they can be outweighed by any sufficient "countervailing factors" the court might

11

consider in exercising its discretion, which might, but need not, include endangerment of public safety. (*Ortiz, supra*, 87 Cal.App.5th at pp. 1097-1098, review granted.) *Ortiz* rejected the notion of a "rebuttable presumption" and held that "the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement." (*Ibid*.)

The Supreme Court is set to resolve this conflict, having granted review in *Walker* on the following issue: "Does the amendment to . . . section 1385, subdivision (c) that requires trial courts to 'afford great weight' to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety?" (*Walker, supra*, 86 Cal.App.5th 386, review granted [2023 Cal. Lexis 1459].) Until such time as our high court decides the issue, we find the reasoning in *Ortiz* more persuasive. Section 1385, subdivision (c)(1) provides that an enhancement shall be dismissed only "if it is in furtherance of justice to do so." This broad "interest of justice" concept embraces the court's exercise of discretion based on a full range of relevant factors. While subdivision (c)(2) prohibits a court from weighing a circumstance greatly in favor of dismissal if the dismissal would endanger public safety, it does not otherwise strip the court of its broader discretion to determine, given other countervailing factors or information, that dismissal of the enhancement would be against the interest of justice under section 1385, subdivision (c)(1). Indeed, the Legislature *removed* language from an earlier version of Senate Bill No. 81 that would have mandated "a presumption that it is in the furtherance of justice to dismiss an enhancement" that could only "be overcome by a showing of clear and convincing evidence that dismissal of the enhancement would endanger public safety." (See Sen. Bill No. 81 as amended August 30, 2021; see also Sen. Rules Com., Off. of Sen. Floor Analyses, analysis of Sen. Bill No. 81 (2021-2022 Reg. Sess.) as amended Aug. 30, 2021 at p. 2 [reflecting that Assembly amendments to "[r]emove[d] the presumption that it is in the interests of justice to dismiss an

12

enhancement when specified circumstances are found to be true and instead provide[]
that the court shall, in exercising its discretion to dismiss an enhancement in the interests
of justice, consider and afford great weight to evidence of those specified
circumstances"].)

In any event, the trial court had previously found, contrary to defendant's
argument that no such finding was made or could be made, that the enhancements'
dismissal would endanger the public, thereby rebutting any purported presumption in
favor of dismissal. During the original sentencing hearing, the court expressly considered
"[d]efendant's dangerousness to society" and found that striking or dismissing the
firearm enhancements would not be in the furtherance of justice because defendant
engaged in extremely violent conduct that "pose[d] a danger to society." At the
resentencing hearing, the court explained that its position had not changed from the
original sentencing hearing, despite the additional considerations before it. Although
defendant argues the court simply focused on defendant's "culpability," a review of the
entire record of this case demonstrates the court appropriately considered the nature of
the violent and threatening acts defendant committed against his four victims in
determining whether striking one or more of the enhancements posed an intolerable
danger to society such that striking an enhancement would not be in the interests of
justice.

The record reflects that the trial court thoughtfully considered each of the
mitigating circumstances under section 1385, subdivision (c)(2) as well as the applicable
rules of court together with other relevant information and appropriately balanced those
considerations before concluding that dismissal would not be in the interests of justice
given its public safety concerns. We cannot say the court abused its discretion in this
regard. That reasonable minds might differ is not sufficient grounds to find an abuse of
discretion.

13

Nor did the trial court abuse its discretion in declining to impose a lesser firearm enhancement under the principles set forth in *Tirado* as defendant argues. Under *Tirado*, a trial court has discretion to impose an uncharged lesser enhancement under section 12022.53 where a greater enhancement under the *same statute* was found true. (*Tirado, supra*, 12 Cal.5th at p. 700.) We previously held that under the principles of *Tirado*, a trial court has broad discretion to impose uncharged lesser firearm enhancements under section 12022.5, subdivision (a) when it exercises its discretion to strike a section 12022.53, subdivision (b) enhancement of conviction. (*People v. Johnson* (2022) 83 Cal.App.5th 1074, 1080, review granted Dec. 14, 2022, S277196.) The Supreme Court recently heard argument on the following issue: Does the trial court have discretion to strike a firearm enhancement imposed pursuant to section 12022.53 and instead impose a lesser uncharged firearm enhancement pursuant to a different statute such as section 12022.5? (See *People v. McDavid* (July 14, 2022, D078919) [nonpub. opn.], review granted and opn. ordered nonpub. Sept. 28, 2022, S275940.) The matter is now under submission; assuming the high court agrees that such discretion is properly conferred on the trial courts, we do not see that this discretion was abused in this case.

Here, defendant raised, and the trial court considered, imposing a lesser enhancement under *Tirado*. But, after carefully weighing the various mitigating and aggravating factors, the court ultimately decided against striking the greater enhancement under section 12022.53 and imposing a lesser enhancement under section 12022.5 because it found doing so would not reflect the violent nature of defendant's offense and the serious danger he posed when robbing four separate victims at gunpoint. Given the nature of defendant's offenses, the court's conclusion was not so arbitrary or unreasonable so as to amount to an abuse of discretion.

14

II

*Restitution Fine*

The trial court originally imposed a $10,000 restitution fine under section 1202.4. At the resentencing hearing, defense counsel requested that the court reduce the restitution fine to $1,200 given that defendant's three kidnapping convictions were reversed on appeal, lessening his culpability, and because he earned only 13 cents per day while in custody. The court reimposed the $10,000 restitution fine given the "magnitude of the crimes."

Defendant contends the trial court abused its discretion and violated his constitutional rights by not reducing the $10,000 restitution fine. He relies primarily on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, arguing the court failed to find he had the ability to pay the restitution fine before reimposing it. As relevant here, the *Dueñas* court concluded that the execution of a restitution fine under section 1202.4 "must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine."[6] (*Dueñas,* at p. 1164.) Defendant also asserts the restitution fine violates the Eighth Amendment's prohibition against excessive fines.

Defendant concedes he did not object based on either *Dueñas* or the Eighth Amendment at the resentencing hearing, although he asserts his arguments sufficiently

---

[6] *Dueñas* also reversed an order imposing the court operations and the court facilities assessments (§ 1465.8; Gov. Code, § 70373) after concluding that it was "fundamentally unfair" and violated due process under the federal and California constitutions to impose the assessments without determining a defendant's ability to pay. (*People v. Dueñas, supra*, 30 Cal.App.5th at p. 1168.) Courts are split on whether *Dueñas* was correctly decided, and the Supreme Court is set to resolve the issue after granting review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, on the following issue: Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?

encompassed the principles of *Dueñas* and the Eighth Amendment.  We agree with the People that the lack of a specific objection on these precise grounds and, in the case of the claim of *Dueñas* error, a request for an ability-to-pay hearing, forfeits these claims of error on appeal.

In general, a defendant who fails to request an ability-to-pay hearing based on *Dueñas* below forfeits the issue on appeal.  (See, e.g., *People v. Greeley* (2021) 70 Cal.App.5th 609, 624 [failure to request ability-to-pay hearing during sentencing, which occurred several months after *Dueñas* was decided, forfeited *Dueñas* issue].)  The same principle applies to defendant's constitutional claim.  (See, e.g., *People v. McCullough* (2013) 56 Cal.4th 589, 592-593 [constitutional challenge to booking fee forfeited]; *People v. Torres* (2019) 39 Cal.App.5th 849, 860 & fn. 4 [excessive fines claim forfeited in absence of timely objection].)  " ' "[N]o procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' " ( *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881.)  We decline to review these forfeited claims.

## DISPOSITION

The judgment is affirmed.

     /s/              
Duarte, J.

We concur:


     /s/             
Robie, Acting P. J.


     /s/             
Krause, J.